IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| EDWARD BRINKMAN, | |
| Plaintiff, | CV-10-481-ST |
| v. | FINDINGS AND RECOMMENDATION |
| FLOYD SUTZ, an individual, and VANGUARD EMS, INC., an Oregon corporation, | |
| Defendants. | |

STEWART, Magistrate Judge:

## INTRODUCTION

Plaintiff, Edward Brinkman ("Brinkman"), appearing *pro se*, filed a Complaint against his former employer, Vanguard EMS, Inc. ("Vanguard"), and its President/CEO Floyd Sutz ("Sutz"). He alleges that Vanguard violated unspecified federal laws and contract rules, committed tax fraud, hired illegal employees, unlawfully terminated his employment after he filed a workers compensation claim, and made defamatory statements about him to the State of

1 - FINDINGS AND RECOMMENDATION

Oregon Employment Division.  As a result, he seeks an injunction against Vanguard to suspend its federal contracts and to initiate a federal investigation of its allegedly illegal activities, $150,000 in damages, and unspecified future damages.

Defendants filed a Motion to Dismiss (docket # 5) for lack of subject matter jurisdiction, failure to state a claim, and insufficient service of process.  Brinkman responded by filing a one-page handwritten document agreeing to dismiss Sutz as a defendant (docket # 11).  Accordingly, this court granted the motion as to Sutz (docket # 12).  However, Brinkman filed no other written response to Vanguard's motion.  For the reasons set forth below, the Complaint should be dismissed with prejudice for lack of subject matter jurisdiction.

## FINDINGS

### I. Subject Matter Jurisdiction

Vanguard first moves to dismiss the Complaint based on lack of subject matter jurisdiction.  Under Federal Rule of Civil Procedure 12(h), the court is required to dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter."

"Federal courts are courts of limited jurisdiction" and cannot hear every dispute presented by litigants.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 US 375, 377 (1994); *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F2d 1221, 1225 (9th Cir 1989).  A federal district court is empowered to hear only those cases which are within the judicial power conferred by the United States Constitution or within the area of statutory jurisdiction granted by Congress.  *Richardson v. United States*, 943 F2d 1107, 1112-13 (9th Cir 1991), *cert denied*, 503 US 936 (1992).  Original jurisdiction must be based either on diversity of

citizenship, involving suits involving more than $75,000 between citizens of different states, 28 USC § 1332, or on a claim involving the Constitution, laws, or treaties of the United States, 28 USC § 1331.

### A.     Diversity Jurisdiction

To establish diversity jurisdiction, Brinkman must allege that he resides in the State of Oregon, that all of the defendants reside in other states, and that he seeks damages of more than $75,000.  *Wis. Dep't. of Corr. v. Schacht*, 524 US 381, 388 (1998).  A corporation is a citizen of its state of incorporation and the state where it has its principal place of business.  28 USC § 1332(c)(1).  By contrast, a person is a citizen of his or her state of domicile which is determined at the time the lawsuit is filed.  *Lew v. Moss*, 797 F2d 747, 750 (9th Cir 1986).  An individual's place of residence is prima facie evidence of her domicile.  *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F3d 514, 520 (10th Cir 1994).

According to the face of the Complaint, Brinkman resides in Oregon and both Vanguard and Sutz have the same address in Beaverton, Oregon.  In addition, Brinkman alleges that Vanguard is based in the Portland, Oregon metro area.  Complaint, ¶ I(4).  Because complete diversity between Brinkman and all defendants is not present, this court lack diversity jurisdiction.

### B.     Federal Question Jurisdiction

"Absent diversity of citizenship, federal-question jurisdiction is required."  *Caterpillar, Inc. v. Williams*, 482 US 386, 392 (1987).  Since there is no diversity jurisdiction, this court must determine whether there is federal-question jurisdiction over Brinkman's claims.  Federal courts have original federal-question jurisdiction in "all civil actions arising under the Constitution,

laws, or treaties of the United States." 28 USC § 1331. Generally, cases brought under federal-question jurisdiction are those in which federal law creates the cause of action. *Merrell Dow Pharm., Inc. v. Thompson*, 478 US 804, 808 (1986). Whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Id.* To invoke federal question jurisdiction, a plaintiff must plead that defendants have violated some federal constitutional or statutory provision.

Brinkman alleges that Vanguard "violated federal contract rules fraudulently," "commits tax fraud against the Internal Revenue Service," and "commits other types of fraud," but without specifying how. Complaint, ¶¶ II(2)-(4). He also alleges that Vanguard violated Department of Homeland Security "laws by knowingly hiring illegal employees." *Id*, ¶ II(5). All of these claims are premised on violations of federal law.

In cases involving a plaintiff proceeding *pro se*, the court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. *See, e.g.*, *Karim-Panahi v. L.A. Police Dep't*, 839 F2d 621, 623 (9th Cir 1988); *see also Ferdik v. Bonzelet*, 963 F2d 1258, 1260-61 (9th Cir 1992) ("Supreme Court precedent that instructs federal courts liberally to construe the 'inartful pleading' of *pro se* litigants."). In other words, *pro se* pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 US 519, 520 (1972). In addition, "[a] *pro se* litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Karim-Panahi*, 839 F2d at 623-24 (citation omitted).

However, even when broadly construed, the Complaint fails to allege any viable claim for violation of any federal law because Brinkman lacks standing to complain about Vanguard's

4 - FINDINGS AND RECOMMENDATION

allegedly illegal activities. Article III of the United States Constitution limits federal court jurisdiction to "cases or controversies." Standing is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 US 555, 560 (1995). It "'is perhaps the most important of [the jurisdictional] doctrines.'" *FW/PBS, Inc. v. City of Dall.*, 493 US 215, 230-31 (1990).

The burden is on the plaintiff who seeks the exercise of jurisdiction to "clearly . . . allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute." *United States v. Hays*, 515 US 737, 743 (1995). If a plaintiff lacks standing under Article III, the suit "is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Steel Co. v. Citizens for a Better Environment*, 523 US 83, 101 (1998).

To have standing to sue, a plaintiff must have been actually injured by the defendant's conduct. Specifically, a plaintiff must show: "(1) he or she has suffered an injury in fact that is concrete and particularized, and actual or imminent; (2) the injury is fairly traceable to the challenged conduct; and (3) the injury is likely to be redressed by a favorable court decision." *Salmon Spawning & Recovery Alliance v. Gutierrez*, 545 F3d 1220, 1225 (9th Cir 2008), citing *Lujan*, 504 US at 560-61.

Brinkman fails to allege that he suffered any harm as a result of Vanguard's purported federal contract violations, tax fraud, or hiring of illegal workers. Accordingly, he fails to meet his burden of establishing that he has standing to pursue these claims. *See Morris v. Cadence Design Sys., Inc.*, No. CV-04-877-AA, 2004 WL 2496708, at *3 (D Or Nov 2, 2004) (concluding plaintiff did not have standing pursuant to a terminated contract when he was not a

5 - FINDINGS AND RECOMMENDATION

named party to the contract); *Robinson v. Pac. Ret. Serv., Inc.*, No. CV-04-3080-AA, 2005 WL 139075, at *2 (D Or Jan 21, 2005) (concluding plaintiff "[did] not have standing to assert fraud claims based on undervaluing of property or unlawful tax exemptions, because plaintiff [could not] assert injury in fact resulting from the alleged failure of [defendant corporation] to pay taxes legally owed to a government entity"). Therefore, as much as he may believe that Vanguard has engaged in illegal activities under federal law, Brinkman cannot sue Vanguard in federal court to stop that conduct or to force an investigation of Vanguard's conduct because he has not been injured by that conduct.

Instead, Brinkman alleges that he has been injured and suffered damages as a result of Vanguard's termination of his employment. Specifically, Brinkman alleges that Vanguard is liable for terminating his employment after he filed a workers compensation claim, for intentional infliction of emotional distress ("IIED"), and for defamation. Complaint, ¶¶ II(7)-(9), III(5). However, this court does not have federal-question jurisdiction over these claims since state law, not federal law, governs them. ORS 659A.040-.052 (unlawful employment discrimination against injured workers); *Barham v. Hill*, No. CV-03-0005-CO, 2004 WL 856611, at *5 (D Or April 20, 2004) (finding no federal-question jurisdiction over plaintiff's IIED claim); *Spencer v. Lake Oswego Little League*, No. CV-09-1024-MO, 2009 WL 4729939, at *1 (D Or Dec 2, 2009) (finding no "subject matter jurisdiction under § 1331 because none of [plaintiff's slander and defamation of character claims] arise under federal law"); *Goff v. Astrue*, No. CV-07-3092-PK, 2008 WL 2278668, at *3 (D Or June 3, 2008) (concluding "court lacks federal question jurisdiction over plaintiff's claims for . . . libel[] and slander").

///

6 - FINDINGS AND RECOMMENDATION

**II.    Other Arguments**

Because this court clearly lacks subject matter jurisdiction, it need not address Vanguard's other arguments for dismissal based on failure to state a claim and insufficient service of process.

**III.   Amendment**

Since this court can conceive of no amendment to cure the jurisdictional defect, Brinkman's Complaint should be dismissed with prejudice. If Brinkman has some viable claim against Vanguard arising out of the termination of his employment, then that claim must be filed in Oregon state court, rather than in federal court.

## RECOMMENDATION

Based on the foregoing, Vanguard's Motion to Dismiss (docket # 5) should be GRANTED, and the Complaint should be dismissed with prejudice for lack of subject matter jurisdiction.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due September 13, 2010. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

///

///

**NOTICE**

This Findings and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED this 26th day of August, 2010.

                                        s/ Janice M. Stewart_____
                                        Janice M. Stewart
                                        United States Magistrate Judge